## KING v. SIX COMPANIES, Inc., et al.
### No. 6945.

Circuit Court of Appeals, Ninth Circuit.
Feb. 6, 1933.

Albert Duffill and Harry H. Austin, both of Las Vegas, Nev., for appellant.

Henderson & Marshall, of Las Vegas, Nev., for appellees Anderson.

McNamee & McNamee, of Las Vegas, Nev., and Redman, Alexander & Bacon, and Herbert Chamberlin, all of San Francisco, Cal., for Six Companies, Inc.

Before WILBUR and SAWTELLE, Circuit Judges, and ST. SURE, District Judge.

WILBUR, Circuit Judge.

Plaintiff was injured by an explosion of gases in a fire box of a steam boiler located on the Hoover Dam project in Boulder City, Clark county, Nev. At that time he was unemployed, but had gone to the town for the purpose of seeking employment with the Six Companies, the corporation which was building the Hoover Dam. The day before the accident (August 4, 1931) he had received some assurance from employees of the Six Companies that he might be given a job the next day, August 5, 1931. It rained during the following night, and, appellant's clothing having become wet, he went to the boiler to dry his clothing near the fire, requesting permission so to do, which was granted by the attendant at the boiler. While he was seated near the fire box of the boiler an explosion occurred, and plaintiff was seriously burned by flames which were forced through an opening on the side of the fire box where he was seated.

Boulder City is a town which has been built by the Six Companies in order to house the workers upon the dam project. It was operated by the Anderson Brothers, appellees and codefendants, and compensation for the housing and boarding of the men engaged in working upon the project was paid directly to Anderson Brothers by the Six Companies, which amounts were deducted from the wages of said men.

The foregoing facts, and others which will be presently stated, were alleged in the appellant's complaint. A demurrer to the complaint having been sustained, and a judgment having been rendered in favor of the defendants, the plaintiff takes this appeal. His claim for damages is based upon the contention that he was invited to occupy the place where he was at the time of his injury, and that the injury resulted from the negligence of the defendant in the equipment of the boiler, which was equipped with automatic water and fuel feeding devices. It is assumed by the parties that negligence is sufficiently alleged in the complaint, and that the main question to be reviewed on this appeal is whether or not the appellant was an invitee at the time and place of the accident. The allegations of the complaint in that regard consist largely of evidentiary facts which may be summarized by stating that, by reason of the large labor turnover, the defendants, in order to have men available to fill places vacated by others or to undertake new work on the dam, did encourage and invite men, including this plaintiff, to wait and remain and

spend their time about said premises; that is, about Boulder City. It is alleged that the plaintiff and others seeking employment had been waiting around the defendant's river camp, Black Canyon, the Boulder City camp, and Boulder City, and other places near their operations, for several days prior to the time of injury for the purpose of securing work, and that on Tuesday, August 4th, the Six Companies, Inc., expressly encouraged this plaintiff to remain "about said operations and said camps" by stating that the next day, August 5th, would be pay day and certain of the employees would be sure to leave their employment, and that the company would give him employment, and that the defendants Anderson invited and encouraged plaintiff to wait and remain about said camps. Assuming that these allegations initially indicated an invitation to remain in the vicinity of the employment office of the Six Companies, Inc., the question involved in this case is whether or not the plaintiff was invited, expressly or by implication, to sit down alongside the boiler to dry his clothes. It is not expressly alleged that he was so invited. The boiler was not erected for the purpose of either furnishing heat for the men or drying their clothes.

It is alleged that immediately prior to the accident the temperature at Boulder City exceeded 120° F., and the conditions were such that many men were overcome with heat and forced to quit work. The fact that the plaintiff asked permission to dry his clothing at the boiler is sufficient to indicate that he was not expressly invited therein, and the situation negatives an implied invitation. The allegation in that regard is as follows: "That at on or about the hour of 3:30 or 4 o'clock in the morning of August 5th, 1931, plaintiff, while thus wet to the skin from said rain, went to said boiler to dry his clothes from the heat of said boiler, and asked permission so to do, of these defendants, which was immediately given him. * * *"

It is clear that the defendants did not invite the plaintiff to occupy the place near the fire box of the boiler where he was injured.

The appellant claims that, notwithstanding the failure to allege that he was entitled to the care the law requires on behalf of an invitee, nevertheless the defendants were responsible, even though he was merely a licensee, by reason of the allegation in the complaint that he was in a position of danger, and that fact was well known to appellees but unknown to appellant. The allegation in that regard is as follows: "That * * * plaintiff took a position at the side of the boiler, in the lee of the wind (sic), and there sat down to dry his clothing, and that his said position was a dangerous position and that the danger thereof was well known to these defendants but was unknown to plaintiff. * * *"

It will be observed that this statement does not allege that the defendants knew that the plaintiff was occupying a dangerous position. They knew, according to the allegation, that the position occupied was dangerous. The reason for this distinction is made apparent by another allegation of the complaint: "That at the time of said injury, and for some little time immediately prior thereto, neither of the defendants, nor any employee of any of said defendants was present at said boiler, though this fact was unknown to plaintiff at said time."

The point made by the pleader seems to be that, as there was a high wind blowing at the time of the accident and the boiler was out in the open unhoused, there was danger that the wind would force the products of combustion back down the smokestack and cause an explosion, and that the plaintiff, having taken his position on the lee side of the boiler and opposite an opening in the fire box, was thus liable to be injured.

The plaintiff suggests that the doctrine of last clear chance applies. The only purpose of that doctrine is to exculpate plaintiff from claim of contributory negligence. It is not claimed that the complaint shows that the plaintiff was negligent.

Judgment affirmed.